JAMAICA WATER SUPPLY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94503. Promulgated July 19, 1940.

*Arthur McCauley, Esq.,* and *Louis D. Blum, C. P. A.,* for the petitioner.

*Allen T. Akin, Esq.,* for the respondent.

## OPINION.

### *Issue 1.*

OPPER: Whether petitioner is taxable upon the contested income in the tax year in which the controversy concerning it was settled appears to depend upon whether that income was properly accruable at some previous time; for, if it was, respondent having expressly waived the defense of estoppel, there would be no reason for taxing it now. On the other hand, the income was unqualifiedly recognized as owing in the year before us. Accordingly, if it was not properly accruable in prior years there can be little doubt that it was then chargeable to petitioner.

The point of time when income becomes sufficiently definite and certain to be the proper subject of accrual is a question which has been the subject of extensive litigation. As a result, the principles involved have by now become reasonably clear and this proceeding appears to present a not particularly complicated subject for the application of such principles.

The income in question is the amount of rentals which petitioner sought to collect from the city of New York for water supplied to its hydrants during the years 1923–1928, inclusive. During all this time an annual rental of $18 per hydrant was accrued as income on petitioner's books, and apparently conceded by the city to be due. The difference between that amount and $45 per hydrant was claimed by petitioner and contested by the city. This difference remained the subject of controversy until December 1933, within the tax year before

us, when litigation involving it was settled for an amount which was actually received a few months later. It is the inclusion of this amount in petitioner's income for the year of settlement which it contests.

We think it clear that the disputed parts of the hydrant rentals were not properly accruable in the years when the services were performed. Not only the amount but the existence of liability was contingent and doubtful at that time. See *Kentucky & Indiana Terminal Railroad Co.*, 19 B. T. A. 969; affd., 54 Fed. (2d) 738 (C. C. A., 6th Cir.); certiorari denied, 286 U. S. 557. The only amount concerning which there was no dispute was that which petitioner actually did accrue contemporaneously. With respect to all of the excess over that amount, the city of New York denied any liability whatever, so that it was possible that an adjudication of the controversy would result in no recovery by petitioner or in a recovery the amount of which might be anything between the undisputed liability of the city and the rental which petitioner claimed. Under these circumstances it seems clear that no proper basis for the accrual of any part of the contested rent existed prior to the time when the parties agreed upon a settlement of the pending litigation. *United States* v. *Anderson*, 269 U. S. 422; *Lucas* v. *American Code Co.*, 280 U. S. 445. Of course, the same applies to the interest on the disputed rentals. *McGuirl, Inc.* v. *Commissioner*, 74 Fed. (2d) 729 (C. C. A., 2d Cir.).

Petitioner relies principally upon the case of *Brooklyn Union Gas Co.*, 22 B. T. A. 507; affd., 62 Fed. (2d) 505 (C. C. A., 2d Cir.). But the distinction from the present situation is readily apparent from the opinion of the Circuit Court of Appeals in that case. There the court took the view that the disputed amounts were paid or made available currently to the taxpayer, with the proviso that they be subject to return upon an adverse determination. The dissenting judge, it is true, was of the opinion that some of the payments did not fall into that category, but that merely emphasizes the basis upon which the court's decision rests. Since it was the liability to return which was contingent and not the right to receive, it was only the latter liability which could not be the subject of an accrual until it became definite. See *Commissioner* v. *Thatcher & Son*, 76 Fed. (2d) 900 (C. C. A., 2d Cir.). Here, of course, the situation is reversed. Petitioner did not receive payment of any amounts in excess of the rentals conceded by the city to be due. It had no liability to return any amounts and it was the receipt by petitioner and not the disbursement by it which was so uncertain as to preclude accrual.

Similarly, in *Illinois Terminal Co.*, 5 B. T. A. 15, also relied upon by petitioner, the income in question, or substantially all of it, was

available to the taxpayer in the years when it was earned. Furthermore, while not actually accepted, its amount was readily ascertainable, at least with approximate correctness, and there was apparently no dispute as to liability. The opinion states (p. 22):

* * * The full amount of just compensation, as measured by the so-called standard return, was known both to the Government and to the taxpayer during all of the years 1918, 1919, and 1920, and all of that amount definitely accrued by virtue of the Federal Control Act of March 21, 1918, and that amount or, in the absence of agreement no less than 90 per cent thereof, was payable to the taxpayer in convenient installments throughout that period. * * *

The complete dissimilarity between that situation and the one now before us, where the entire claim was in dispute and no possible method existed whereby the amount ultimately to be awarded could be even roughly approximated, calls for no further elaboration.

Petitioner assails the action taken by respondent on the ground that its income will be distorted as a result of the accrual in previous years of expenses attributable to the service supplied, so that income will be charged to it in the present year without the corresponding deductions. But that is a situation which is bound to occur where deductions are definite and ascertainable and receipts are indefinite and contingent. See *Commissioner* v. *Thatcher & Son, supra.* Moreover, there seems no way to avoid the conclusion that a determination in favor of petitioner would result in an equal or greater distortion of the previous year's income in its own favor. This would be attributable to the action of petitioner itself in failing to accrue the amounts in question as income in the previous years. It was, of course, justified in that action if its situation was that described in *Kentucky & Indiana Terminal Railroad Co.* v. *Commissioner, supra:*

* * * It did not place these items upon its books or return them as accrued income in the Federal Control years. This omission was not the result of oversight. It arose from the uncertainty petitioner entertained as to its duty to return the items for those years.

But, if so, that demonstrates that in the earlier years the items were so doubtful and uncertain that accrual would have been unjustified, and that only when that doubt and uncertainty was removed by settlement or payment would the inclusion in income be proper. Petitioner's own treatment of the disputed items in failing to accrue them on its books, or to include them in its return, is persuasive evidence of the correctness of respondent's position. See *Moran* v. *Commissioner*, 67 Fed. (2d) 601 (C. C. A., 1st Cir.); *S. Rossin & Sons, Inc.*, 40 B. T. A. 1274.

Petitioner strenuously opposes the admission of evidence of the manner in which it treated these items on its tax returns for the earlier years. The question was raised by petitioner's objection to

the materiality of the stipulated evidence and by motion to strike, on both of which, pursuant to agreement of counsel, decision was reserved. We now rule that the evidence was admissible for the reason suggested in the foregoing comment. The treatment accorded by petitioner is material since it bears upon the frame of mind of its responsible officers contemporaneously with the disputed transactions and suggests the plausibility of the view that the amounts in question were too doubtful of collection to be treated as taxable income at that time. We see no reason to assume that the disposition of the matter for income tax purposes was erroneous. *S. Rossin & Sons, Inc., supra.* That this evidence might also bear upon the issue of estoppel if it were in the case does not militate against its materiality in other connections.

Finally, petitioner contends that respondent is guilty of an inconsistency in charging it with income in the years before us to the full extent of the rentals claimed. But it is by no means clear that the situation in the present years was the same as that involving the rentals prior to 1929. And, of course, the absence of evidence on this point must be judged in respondent's favor. Whether respondent is inconsistent is a matter we need not decide. For, if he was wrong with respect to the later rentals, that question is not in issue, and it seems to us he was clearly right in his treatment of the rentals relating to the earlier years.

On this issue respondent's determination is sustained.

### *Issue 2.*

No facts relating to petitioner's method of handling the gross earnings tax reserve on its books are in evidence, nor does it appear whether petitioner, being on the accrual basis, accrued its liability for these taxes on the basis of estimated future amounts represented by the charges to reserve. It does appear that the payment made in January 1934 was for gross earnings tax for the year ended October 31, 1933. But whether or not that or any other amount was accrued as tax liability during that prior year is not shown. Respondent contends that, in fact, the disputed item constitutes the adjustment of a deduction claimed by petitioner for a prior year and, hence, that the transfer of the amount from reserve to surplus represents income made available to petitioner in the present year and that it is taxable as such. The facts, if they exist, which would be necessary to rebut the prima facie correctness of respondent's determination have not been produced. For that reason this issue must be determined in favor of respondent.

*Issues 3 and 5.*

All of the evidence on these issues is contained in the following excerpts from the stipulation:

[Issue 3.] The loss of $3,499.68, claimed by the petitioner on its return as abandonment, was not charged to the profit and loss account on the books of the petitioner but was charged against depreciation reserve, in accordance with the uniform system of accounts described by the Public Service Commission of New York.

[Issue 5.] For the year 1934 the Commissioner disallowed depreciation claimed by the petitioner on its return in the amount of $1,583.19, which disallowance was arrived at as follows: [Here follow detailed computations showing the amount disallowed in the sum of $1,583.19.]

For the year 1935 the Commissioner disallowed depreciation claimed by the petitioner on its return in the amount of $1,670.90, which disallowance was arrived at as follows: [Here follow detailed computations showing the amount disallowed of $1,670.90.]

It seems manifest that the facts upon which a consideration of these issues could be predicated according to the principle of *Illinois Pipe Line Co.*, 37 B. T. A. 1070, relied upon by the petitioner on the third issue, or of any other authority, have not been placed before us. Petitioner seeks to amplify the stipulation by reference to the deficiency letter. However, no authority exists for us to treat this as evidence of the facts contained therein or to use it to supply material otherwise absent from the record. *Charles F. Ayer*, 7 B. T. A. 324; affd., 26 Fed. (2d) 547 (App. D. C.). Consequently, no factual basis is furnished for overruling respondent's determination and it must be sustained.

*Issue 4.*

Expenses paid or accrued in a prior year and properly deducted from income at that time which are subsequently adjusted and refunded are proper additions to income in the year of receipt. The cases claimed by petitioner to demonstrate a contrary view may be distinguished as were those in *Estate of William H. Block*, 39 B. T. A. 338, 341; affd., 111 Fed. (2d) 60 (C. C. A., 7th Cir.); where the Board said:

* * * The holding in each of those cases was that the deduction was erroneously allowed in the first place and, since the year before the Board was that in which the original deduction was taken that original deduction was reduced by the later recovery. Those cases may be distinguishable upon the fact that there the original deduction was not properly allowed under the statute, whereas here the original deductions were proper. Furthermore, the solution given in those cases is an impractical one in many instances because the tax liability for the prior year had been closed before the recovery by the taxpayer of the amount originally claimed as a deduction.

**368**

Income tax liability must be determined for annual periods on the basis of facts as they existed in each period. When recovery or some other event which is inconsistent with what has been done in the past occurs, adjustment must be made in reporting income for the year in which the change occurs. No other system would be practical in view of the statute of limitations, the obvious administrative difficulties involved, and the lack of finality in income tax liability, which would result. The foregoing principles, which have been established by the following cases, require that the refund here be included in the income of this estate for the year of recovery.

There is no claim here that the insurance premiums were not properly deducted in the previous years, and, particularly considering the petitioner's accrual basis, it is difficult to see how there could be grounds for any such claim.

On the authority of *Estate of William H. Block, supra,* and similar cases, respondent's determination that the refunds of insurance premiums previously paid and properly deducted were income when returned to petitioner was correct and must be approved.

*Decision will be entered under Rule 50.*