MELLOTT, *J.*, agrees with the above.

CLIFTON MANUFACTURING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108281. Promulgated November 18, 1942.

*W. A. Sutherland, Esq.*, for the petitioner.
*J. Y. Porter, Esq.*, for the respondent.

74

## OPINION.

OPPER, *Judge:* The interest due petitioner which is the subject matter of this controversy was not accrued on its books nor included in its income tax return for its fiscal year ended March 1934. During the year ended March 1935 the item was entered upon petitioner's books and the major portion of it allocated to the preceding year, but no change was made in the status of its tax returns. When respondent's representative attempted to charge petitioner with the income for the 1935 fiscal year, as a result of an investigation subsequently conducted, petitioner protested and at that time maintained that the item was properly chargeable to 1933 and 1934. Against those years the deficiencies had by then become barred by the statute of limitations.[1] In the fiscal year 1936 the condition of the debtor improved radically and in 1937 the debt was paid. Respondent now seeks to include the amount in the 1937 fiscal year which is before us. But petitioner contends that if not income for the earlier years, the item was chargeable at latest to the fiscal year 1936, against which it may be noted the statute of limitations has now also run.

The accruability of an item depending, as it does, in part, upon the probabilities of collection[2] involves by its nature not only the determination of a question of fact,[3] but of a question in which there

[1] *Estate of Daniel O. Bleser,* 41 B. T. A. 643, 649, footnote 5.
[2] *Corn Exchange Bank* v. *United States* (C. C. A., 2d Cir.), 37 Fed. (2d) 34.
[3] *Atlantic Coast Line Railroad Co.,* 31 B. T. A. 730, 749.

is latitude for difference of opinion. In essence, it requires a forecast, as of a certain time, of what will happen in the future. Although it is thus a question of fact, as opposed to one of law, it is in reality more a matter of opinion than of fact. We think it not unreasonable to say that nothing dependent upon the course of future events can ever be said to be entirely certain.

The question, therefore, as of the end of petitioner's 1934 fiscal year (when this debt, having arisen during the year, was open to examination as to its inclusion in income) was whether the probabilities of collection were so good that the law required it to be reported for tax purposes. Those in the best position to appraise the situation, both because of their possession of the operative facts and because of their responsibility for making the decision in the first instance, concluded, as shown by their acts, that it was sufficiently doubtful of collectibility to justify the failure to report it on petitioner's return. At least that is an inference from the facts which no evidence presented by petitioner brings into question. To us this seems the clearest indication of the reality and strength of the doubt surrounding the prospects of collection. As the Board said in *Jamaica Water Supply Co.*, 42 B. T. A. 359, affd. (C. C. A., 2d Cir.), 125 Fed. (2d) 512:

> \* \* \* It was, of course, justified in that action if its situation was that described in *Kentucky & Indiana Terminal Railroad Co.* v. *Commissioner, supra* [C. C. A., 6th Cir., 54 Fed. (2d) 738, certiorari denied, 286 U. S. 557]:
>
> "\* \* \* It did not place these items upon its books or return them as accrued income in the Federal Control years. This omission was not the result of oversight. It arose from the uncertainty petitioner entertained as to its duty to return the items for those years."
>
> But, if so, that demonstrates that in the earlier years the items were so doubtful and uncertain that accrual would have been unjustified, and that only when that doubt and uncertainty was removed by settlement or payment would the inclusion in income be proper. Petitioner's own treatment of the disputed items in failing to accrue them on its books, or to include them in its return, is persuasive evidence of the correctness of respondent's position. \* \* \*

This is not an application of the principle of estoppel which would here be foreclosed by the failure to raise the question properly. It is rather, as we see it, a rule of evidence, a reliance upon the guidance furnished by the conduct of the parties, similar to that applied long and frequently in other situations. See, e. g., *Fisher* v. *Commissioner* (C. C. A., 2d Cir.), 59 Fed. (2d) 192; *Arthur L. Lougee*, 26 B. T. A. 23, 26; affd. (C. C. A., 1st Cir.), 63 Fed. (2d) 112; *Willkie* v. *Commissioner* (C. C. A., 6th Cir.), 127 Fed. (2d) 953. It seems peculiarly appropriate under circumstances which can never be all black or all white, where the determination to be made resides essentially in the realm of speculation or opinion, and where the surround-

ing facts are sufficiently indecisive so that we should otherwise have difficulty in coming to either conclusion.

We do not need to say that such a rule of evidence has a universal application. Here there was clearly a basis upon which corporate officers, in good faith and in the exercise of their best judgment, could entertain serious doubt that the defaulted obligation of a debtor in the hands of a creditor's committee would be paid in full. That they did entertain this doubt, as shown by their conduct at the time, persuades us that no finding of fact that the debt was of such certain collectibility as to be accruable for tax purposes is required.

For similar reasons we reject the alternative contention that the item was returnable at the latest in 1936 because by that time the solvency of the debtor had been definitely established. The claim was still in default and, by then, was two years overdue. If the prospects of collection had improved, they could not be said to have reached the point of absolute certainty, since petitioner had yet to receive the cash in hand. Even in that year it omitted to report the item as income. That it did not do so, is again a persuasive indication that even as of that time petitioner did not view the item as accruable.

This is not to say, however, that if the debt was regarded in a subsequent year as no longer doubtful, there would be an obligation upon a taxpayer to include it in income in advance of its receipt in cash. It may well be that one who refrains from charging his accounts with income in an earlier year, because of the doubtful character of the obligation, need not or possibly may not return it as income until a cash receipt puts it beyond the remotest doubt, even in an accrual system. It may be on the other hand that when collectibility becomes sufficiently certain, a taxpayer on the accrual basis, who reports the item as income at that time, would be allowed to do so. These are problems upon which we express no opinion since they do not arise upon this record. We say here only that the doubtful character of the amounts in issue is persuasively established by petitioner's conduct and that by that test no year prior to the one before us gave rise to developments which required that the income be currently reported.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

MURDOCK, *J.*, concurring: This petitioner in 1934 took advantage of the rule that a creditor-taxpayer upon an accrual basis may omit reporting income accruing in that year from a debtor where, at the close of the taxable year, there was grave doubt as to ultimate payment. That rule was adopted to relieve taxpayers of a hardship.

The effect of the rule is to put the taxpayer upon a cash basis as to the questionable item, so that it is not to be reported until actually paid. Any other application would make administration of the rule by the Commissioner too difficult.

VAN FOSSAN, *J.*, agrees with the above.

---

BLACK, *J.*, concurring in the result: The majority opinion says, in part:

> The question, therefore, as of the end of petitioner's 1934 fiscal year (when this debt, having arisen during the year, was open to examination as to its inclusion in income) was whether the probabilities of collection were so good that the law required it to be reported for tax purposes. Those in the best position to appraise the situation, both because of their possession of the operative facts and because of their responsibility for making the decision in the first instance, concluded, as shown by their acts, that it was sufficiently doubtful of collectibility to justify the failure to report it on petitioner's return.

Under these circumstances, I agree as the majority holds, that the item should not be set back into 1934 income, now barred by the statute of limitations.

Not having reported the interest in question as accrued income in 1934 for reasons which at that time seemed adequate, when does it become petitioner's duty to report it in income? My answer is in the year when the interest is actually collected. I think the situation is somewhat analogous to a bad debt charge-off and deduction. A taxpayer on the accrual basis ascertains a debt to be worthless and charges it off and the Commissioner allows the deduction. The taxpayer does not, merely because he is on the accrual basis, take it back into income when the debtor becomes solvent and able to pay the debt. He takes it back into income in the year when the debt is actually collected. *Commissioner* v. *Liberty Bank & Trust Co.*, 59 Fed. (2d) 320.

So, in the instant case, if petitioner was justified in not accruing the interest in 1934, then it seems to me that it is not material, so far as that item is concerned, that the debtor became thoroughly solvent in 1935 or 1936. The material factor is when was the interest collected. That took place in 1937, and I concur in the majority opinion holding that it became taxable in that year.

HILL, *J.*, concurs in the above.

---

STERNHAGEN, *J.*, dissenting: I think that as a matter of law the 1934 interest accrued in that year and, since the taxpayer's books and returns were on an accrual basis, the amount was properly within its income of that year. There is no foundation for an estoppel against peti-

tioner's claim to that effect, and no reason for taking this item out of the petitioner's accrual system and, by treating it on a cash basis, including it in income of 1937 when it was received. This is simply to leap over the statute of limitations. I confess that the Court's decision is equitable and that the taxpayer is perhaps attempting to escape a tax which in good conscience it should pay; but to sustain that equitable deficiency the opinion adopts an impractical standard of accrual, i. e., that of judgment as to the probabilities of collection. But even if the standard be adopted, I think the evidence does not justify the omission of the item from accrued interest of 1934, by either the taxpayer or the Commissioner.

TURNER, *J.*, agrees with this dissent.

———

KERN, *J.*, dissenting: I respectfully dissent from the conclusion of the majority. In my opinion the item in question here became properly accruable as income to petitioner not later than in October 1935, when the Hunter Co. received $1,000,000 from one of its own debtors. It is stipulated that "Thereafter, if not before, the Hunter Company was completely solvent and there was thereafter no reasonable doubt as to the collectibility of any of the debts owed by the Hunter Company." "An item is not accrued income as a long as there remains a substantial contingency as to its collectibility." Paul & Mertons, Federal Income Taxation, par. 11.73. Conversely, it would follow that, when there does not remain a substantial contingency as to its collectibility, an item is accrued income. Petitioner was on the accrual basis of accounting and made its tax returns on that basis. It had entered this item on its books as an account receivable from the Hunter Co. In 1935 the Hunter Co. was completely solvent and there was no doubt as to the collectibility of any account against it. Petitioner included similar interest items in its income tax returns for the fiscal years beginning April 1, 1934, and April 1, 1935, and thus indicated that it had no doubt in 1935 as to the collectibility of accounts against the Hunter Co. Therefore, when the majority opinion holds that the failure of petitioner to report as income in 1935 the similar interest item here in question payable in the fiscal year beginning April 1, 1933, is "a persuasive indication that even as of that time [1935] petitioner did not view the item as accruable," it has taken a position which is untenable.

The majority opinion, in speaking of the situation in October 1935, says "If the prospects of collection had improved, they could not be said to have reached the point of *absolute certainty, since petitioner had yet to receive the cash in hand.*" The implication of this statement is that a taxpayer on the accrual basis is obligated to accrue as

income only those items whose payment is absolutely certain, and the criterion of absolute certainty is the receipt of cash in hand. This would seem to nullify the whole concept of accrual accounting as a basis of making income tax returns; unless it is restricted to cases in which a taxpayer on the accrual basis does not report an account receivable as accrued income because there is substantial doubt as to its collectibility and in a later year this doubt is removed, although no cash payment is received. As applied to such a restricted factual field the rule implied by the majority opinion would seem to be that where an item, otherwise properly accruable, is not accrued as income because of the existence of a substantial doubt concerning its collectibility, such item thereafter becomes income only when actually paid.

However, the majority opinion carefully points out that it makes no express holding to that effect and that "it may be * * * that when collectibility becomes sufficiently certain, a taxpayer on the accrual basis, who reports the item as income at that time, would be allowed to do so." In such a situation, the majority opinion suggests the possibility that the taxpayer has an election to treat itself as to the particular item as either on the accrual basis or the cash basis of accounting. I am unable to agree that this possibility exists.

It is my opinion that, when a taxpayer on the accrual basis of accounting fails to return an item of income, otherwise properly accruable, because its collectibility is subject to substantial doubt, and in a later year its collectibility becomes free from doubt, it is income properly and necessarily accruable in the later year, and not in an even later year when the item is paid in cash.